CHARLES McCULLEN and MIKE WILKINSON, Trading as C. & M. PAINT COMPANY v. WEL-MIL CORPORATION, d/b/a WELLS CONSTRUCTION COMPANY

No. 748DC774

(Filed 20 November 1974)

1. **Contracts § 29; Damages § 15— lost profits — sufficiency of evidence**

   In an action for breach of contract for plaintiffs to paint two houses, plaintiffs' evidence was sufficient for the jury to determine the amount of their lost profits where they presented evidence of the contract price, the cost of materials, the amount already received from defendant on the contract, and that no one else was working for them.

2. **Contracts § 29; Damages § 9— breach of contract — mitigation of damages — gains on other projects**

   In an action for breach of contract for plaintiffs to paint two houses, damages suffered by plaintiffs were not mitigated by the constant employment of plaintiffs by defendant where there was no showing that plaintiffs' gains from subsequent work could not have been made had there been no initial breach of contract.

APPEAL by defendant from *Nowell, Judge,* 22 May 1974 Session of WAYNE County District Court. Heard in the Court of Appeals on 22 October 1974.

This is an action to recover damages for breach of contract. According to plaintiff Wilkinson, two contracts existed between plaintiffs and defendant whereby plaintiffs had agreed to paint two houses on lots 7 and 13 in a subdivision known as "Foxfire." The evidence tends to show the houses in question had been primed by plaintiffs, and, while plaintiffs expected to complete the jobs, defendant had brought in another painting contractor who completed the work. Judgment was entered pursuant to a jury verdict awarding plaintiffs $1,400.00. Defendant appealed.

*Strickland & Rouse, by Thomas E. Strickland and David M. Rouse, for plaintiff appellees.*

*Barnes & Braswell, by Henson P. Barnes and Michael A. Ellis, for defendant appellant.*

MARTIN, Judge.

[1] The gist of defendant's first assignment of error is that there was an insufficient basis provided by plaintiffs' evidence by which the jury could determine plaintiffs' damages. Defendant bases his argument on *Tillis v. Cotton Mills* and *Cotton Mills*

*v. Tillis*, 251 N.C. 359, 111 S.E. 2d 606 (1959) where the Court states that a party seeking damages for breach of an executory contract must present facts, as to all reasonable factors involved, so that the jury may have a basis for determining damages. The Court in *Tillis*, page 366, also states, "Absolute certainty is not required, but evidence of damages must be sufficiently specific and complete to permit the jury to arrive at a reasonsonable conclusion." In the instant case, plaintiff Wilkinson calculated paintiffs' lost profits on each contract by using the following factors: the contract price, the cost of materials, and the amounts already received from defendant on the contracts. The evidence tends to show that plaintiffs had no one else working for them. We hold that plaintiffs presented an adequate basis for their recovery of lost profits. While it appears that plaintiff Wilkinson made a slight arithmetic error, it was in defendant's favor. This assignment of error is overruled.

[2]    Finally, defendant contends the trial court erred in overruling defendant's motion for directed verdict since any damages suffered by plaintiffs were mitigated by the constant employment of plaintiffs by defendant.

> "Gains made by the injured party on other transactions after the breach are never to be deducted from the damages that are otherwise recoverable, unless such gains could not have been made, had their been no breach." 5 Corbin on Contracts, § 1041, p. 256 (1951).

There is no indication that plaintiffs' gains from subsequent work could not have been made, had there been no initial breach of contract. This assignment of error is overruled.

No error.

Chief Judge BROCK and Judge PARKER concur.